### 11400.   Mitchell v. The State.

Luke, J.   1. The conviction of the defendant in this case was not entirely dependent upon circumstantial evidence; indeed, the evidence was positive that he had in his possession alcoholic liquor. It is not error for the court to fail to charge the law of circumstantial evidence without request therefor, unless a conviction of the defendant is wholly dependent upon circumstantial evidence.

2. The court did not err in charging the jury that in misdemeanor cases all who participate are principals. This charge was required, if for no other reason, by the defense set up by the defendant. To have failed so to charge would have been error.

3. The evidence authorized the verdict, which has the approval of the trial judge. For no reason assigned was it error to overrule the motion for a new trial.

> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
> Decided May 11, 1920.

Indictment for possession of intoxicating liquor; from Muscogee superior court — Judge Howard.   February 21, 1920.

It was testified that in the back of the defendant's car, which he was driving, a jug of whisky was found, without anything

wrapped around it. In his statement at the trial he said that a named person, whom he had taken in the car, put a package in it,— "lifted up the apron and stuck this package in the back of the car," that he paid no attention to it, and that the person named saw officers coming down the street and jumped out of the car and ran, and the officers came to the car and got a jug out of it; and this was all he knew about it. Others testified that they saw the person mentioned by the defendant get out of the car and run.

*R. Terry*, for plaintiff in error.

*C. F. McLaughlin*, solicitor-general, contra.